UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

MARGARET SCHWARTZBERG,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION

    Defendant.
_____/

COMPLAINT

    Plaintiff, MARGARET SCHWARTZBERG, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., and alleges:

### A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's maritime jurisdiction.

3. The passenger ticket that the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami in the United States District Court for the Southern District of Florida.

### C. Three Counts of Negligence

### Count 1
### Negligence: Slipping Hazard

4. On or about October 23, 2018, the Plaintiff was a fare-paying passenger on the *Mariner of the Seas,* a cruise ship owned and operated by the Defendant.

5. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

6. At that time and place, in the Windjammer Café on deck 11, the Defendant breached its duty of care toward the Plaintiff when it failed to cordon off a section of the deck where it was slippery with a foreign substance.

7. The Defendant caused this slipping hazard, or the Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known about it or this type of hazard occurred with regularity and was therefore foreseeable.

8. As a result of the Defendant's failure to cordon off the section, the Plaintiff stepped onto the slippery substance, and slipped and fell.

9. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

10. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

## REQUEST FOR JURY TRIAL

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury, the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

## Count 2
### Negligence: Substandard Flooring

11. On or about October 23, 2018, the Plaintiff was a fare-paying passenger on the *Mariner of the Seas,* a cruise ship owned and operated by the Defendant.

12. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

13. At that time and place, in the Windjammer Café on deck 11, the Defendant breached its duty of care toward the Plaintiff when it failed to make its floor sufficiently slip resistant.

14. The Defendant knew that its floor in this area was not sufficiently slip-resistant, or this condition had existed for a sufficient length of time that the Defendant should have known about it or this type of condition occurred with regularity and was therefore foreseeable.

15. As a result of the Defendant's failure to make its floor sufficiently slip-resistant, the Plaintiff slipped and fell when the floor was wet and/or had a foreign substance.

16. When the Plaintiff fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

17. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

REQUEST FOR JURY TRIAL

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury, the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

**Count 3**
**Negligence: Failure to Warn**

18. On or about October 23, 2018, the Plaintiff was a fare-paying passenger on the *Mariner of the Seas,* a cruise ship owned and operated by the Defendant.

19. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

20. At that time and place, in the Windjammer Café on deck 11, the Defendant breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff that a section of the deck was wet with a foreign substance and slippery.

21. As a result of the Defendant's failure to warn the Plaintiff of this hazard, the Plaintiff stepped onto the foreign substance and slipped and fell.

22. When he sfell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss

of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

23. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money-damages against the Defendant.

## REQUEST FOR JURY TRIAL

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury, the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

Dated: October 4, 2019

Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
Peter G. Walsh (Florida Bar No. 970417)
dsingeresq@aol.com
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Margaret Schwartzberg